**Majority and Dissenting Opinions of May 16, 2019 Withdrawn; Affirmed in Part, Reversed in Part and Remanded; Motion to Strike Denied; Motion for En Banc Reconsideration Denied as Moot; and Majority and Dissenting Opinions filed July 30, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00938-CV

### IN THE INTEREST OF D.Z., A MINOR CHILD

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2010-45577**

### DISSENTING OPINION

I respectfully dissent. The trial judge did not award sanctions under Rule 13. The judge awarded attorneys' fees instead, and that award should be reversed and rendered because there is no evidence that the fees were reasonable and necessary. I also write to discuss the scope of the remand. Upon remand, the new judge of the 245th District Court will need to consider new evidence and the record to determine the factors set out in *Low v. Henry*, 221 S.W.3d 609, 620 n.5 (Tex. 2007), in order to determine the amount of reasonable fees to award, if any.

## A. No Award of Sanctions

I conclude that the judge did not award sanctions under Rule 13 for the following reasons:

### 1. There is no pleading for Rule 13 sanctions.

Three times during the course of the litigation, Mother requested sanctions for discovery abuse. Twice, the trial court ordered the discovery to go forward but did not award sanctions. Mother requested sanctions for filing a groundless and frivolous motion for continuance. The trial court granted a short continuance and did not award sanctions.

On October 24, 2017, Mother filed another objection and response to Father's second request for continuance. The objection focused on the numerous discovery issues in the case and the changing attorneys representing Father. It is this motion that the majority contends supports a claim for Rule 13 sanctions.

The motion states:

> The court must consider any potential prejudice to the opposing side if the continuance is granted. Granting continuance will be extremely unfair to [Mother] and harms the best interest of the child. This frivolous lawsuit and [Father's] violations of discovery rules caused [Mother] $40,000 financial damages. Especially, this lawsuit prevented [Father] from paying his obligated child support for more than two years. The child currently needs sufficient financial support to maintain his high quality of life.

The motion never asked for an award of money for filing a frivolous lawsuit, nor did it mention Rule 13. It did not allege that the lawsuit was groundless and either brought in bad faith or for the purpose of harassment. The motion asked the trial court to deny the continuance or alternatively to enter temporary orders

2

increasing the amount of child support and to pay her $5,000 for violations of discovery rules.

I do not consider this motion a request for sanctions under Rule 13.

### 2.  Rule 13 was never mentioned in the trial.

Mother did present some limited testimony as to the frivolous nature of the Father's claims. But she presented no evidence that, at the time that Father filed the pleading, he knew the pleading was groundless and that it was brought in bad faith or for the purposes of harassment. *See Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("The trial court must examine the circumstances existing when the litigant filed the pleadings to determine whether rule 13 sanctions are proper.").

### 3.  When the trial court orally rendered judgment at the end of the trial, the court did not mention sanctions or Rule 13, nor did it make the necessary findings to support sanctions.

At the rendition of judgment, the court found a material change in circumstances and granted the modification in part and denied it in part. The court increased Father's child support obligation for the future and awarded a retroactive child support judgment for a period of 25 months. The court also ordered Father to provide health insurance for the child.

The court then said, "The court finds good cause to award attorneys' fees and amicus fees in this case." The court allocated the amicus fees 75% to the Father. The court then said, "The court additionally finds good cause to award partial attorneys' fees to the young lady in the amount of $10,000. Therefore the young lady is awarded judgment against the gentleman in the amount of $10,000 for which let execution issue." As to the amicus allocation, the court said, "The court believes based on the facts and circumstances in this case and the conduct of

3

the parties is that the gentleman should be responsible for 75 percent of the amicus fees."

At no time did the trial court make the necessary findings to support a Rule 13 sanction.

### 4.     The final judgment does not mention Rule 13 sanctions.

Rule 13 requires: "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanctions order." The final judgment does not reference sanctions at all. It provides solely that the court finds good cause to award Mother attorneys' fees.

While it is correct, as the majority notes, that this deficiency can be waived by a failure to object in the trial court, that is immaterial. I cite this evidence to establish that the trial court did not award sanctions at all. He merely ordered attorneys' fees to be awarded to the Mother.

The majority relies upon the words "good cause"[1] to turn a garden variety attorneys' fees award into a sanctions award. Given the scrutiny that our courts apply to sanction awards, I find reliance on that to be unwarranted.

## B.     Scope of  Remand

I agree with the majority that the Supreme Court abrogated our court's precedent and that a remand in the interest of justice would be appropriate given the change in the law if the trial judge had actually awarded sanctions. *See Nath v. Texas Children's Hosp.*, — S.W.3d —, 2019 WL 2553538, at *2–3 (Tex. June 21, 2019) (per curiam).

---

[1] Good cause is not a requirement for the award of attorneys' fees under section 106.002 of the Family Code but this judge could have thought so as many older family law cases, relying on other versions of the statute, required a finding of good cause. *See Coburn v. Moreland*, 433 S.W.3d 809, 838–40 (Tex. App.—Austin 2014, no pet.).

Sanctions must fit the wrong and in order to determine a reasonable amount of sanctions, if any, the trial judge must determine whether the fees "resulted from or were caused by the sanctionable conduct." *Id.* at *2. The trial judge must consider the factors outlined in *Low v. Henry*, supra, including taking supplemental evidence as to those factors and reviewing the trial record. The court outlined the following non-exclusive factors that a trial judge should consider in awarding the amount of the sanctions:

a. the good faith or bad faith of the offender;

b. the degree of willfulness, vindictiveness, negligence, or frivolousness involved in the offense;

c. the knowledge, experience, and expertise of the offender;

d. any prior history of sanctionable conduct on the part of the offender;

e. the reasonableness and necessity of the out-of-pocket expenses incurred by the offended person as a result of the misconduct;

f. the nature and extent of prejudice, apart from out-of-pocket expenses, suffered by the offended person as a result of the misconduct;

g. the relative culpability of client and counsel, and the impact on their privileged relationship of an inquiry into that area;

h. the risk of chilling the specific type of litigation involved;

i. the impact of the sanction on the offender, including the offender's ability to pay a monetary sanction;

j. the impact of the sanction on the offended party, including the offended person's need for compensation;

k. the relative magnitude of sanction necessary to achieve the goal or goals of the sanction;

l. burdens on the court system attributable to the misconduct, including consumption of judicial time and incurrence of juror fees and other court costs; [and]

n. the degree to which the offended person's own behavior caused the expenses for which recovery is sought.

In *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355 (Tex. 2014), the court upheld a finding of sanctionable conduct but remanded because the trial court had not considered a *Low* factor when determining the amount of the sanction. *Id.* at 372–73. On remand, the trial court was presented with new evidence as to that factor. *See Nath v. Tex. Children's Hosp.*, — S.W.3d —, 2016 WL 6767388 (Tex. App.—Houston [14th Dist.] Nov. 15, 2016) (judge considered supplemental affidavits and the evidence in the record in assessing the sanction). Similarly here, the parties should be able to put on supplemental evidence of the *Low* factors for the trial judge to consider.

While I believe a render is appropriate in this case, any remand for the amount of sanctions, if any, should include evidence as to the *Low* factors. I respectfully dissent.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Bourliot, and Spain. (Spain, J., majority).